UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. 05- cr-390 (JR) |
| v : | **FILED** |
| DARRIUS BOYKINS : | APR 4 2006 |
| | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |

## GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I.   ELEMENTS OF THE OFFENSE:

   A.   The essential elements of the offense of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), are:

   1.   That the defendant knowingly possessed the firearm;

   2.   That, before he possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and

   3.   That the possession of the firearm was in or affecting commerce.

   B.   The essential elements of the offense of Unlawful Possession of a Controlled Substance (Cocaine base), in violation of 21 U.S.C. § 844(a), are:

   1.   That the defendant possessed a controlled substance;

   2.   That the defendant did so knowingly and intentionally.

II.   COPY OF THE PLEA AGREEMENT:

   A copy of the plea agreement, not yet executed by the defendant, is attached.

III.   PENALTIES:

Pursuant to 18 United States Code § 922(g)(1) the charge carries a maximum sentence of no more than 10 years of incarceration, a fine of no more than $250,000, or both. Pursuant to 21 U.S.C. § 844(a), the defendant having been convicted of a prior narcotics offense, the charge of Unlawful Possession of a Controlled Substance (~~Marijuana~~) Cocaine Base carries a term of imprisonment for not less than 15 days but not more than 2 years, and a fine of no more than $2500, or both.

IV.   FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA:

If this case were to go to trial, the government's evidence would establish the following beyond a reasonable doubt:

On September 29, 2005, at approximately 4:00 p.m., officer of the Metropolitan Police Department witnessed a traffic accident at the intersection of New York Avenue and Bladensburg Road, N.E., in Washington, D.C. A vehicle driven by the defendant, Darrius Boykins, was observed striking two other vehicles, and then fleeing the scene. The MPD officers followed the defendant's vehicle until it stopped in traffic at a red light at 16th Street and New York Avenue, N.E. The defendant was ordered out of the vehicle. Defendant was the only person in the car. As he did so, the defendant stated that he was unaware that he had been involved in an accident and admitted that he had smoked marijuana laced with PCP. The defendant was placed under arrest for Leaving After Colliding and DUI-Narcotices. A search of the defendant's vehicle revealed a .38 caliber revolver, loaded with 5 rounds of .38 caliber ammunition, in the front center console of the car. Further, a can of shaving cream with a false bottom was located under the driver's seat. Secreted inside of the can was one blue zip containing a green leafty substance and a clear sandwich bag containing a green leafy substance, both of which gave a strong odor consistent with the presence of PCP. The substance was

analysed by the Drug Enforcement Agency (DEA) and found to contain .48 grams of PCP. Found on the back seat of the vehicle was a plastic bag containing white pills. The pills were analyzed by the DEA and found to contain 2.6 grams of Diazepam, a controlled substance. Finally, found in a pouch in the back of the front passenger seat of the vehicle was a can of Ajax with a false bottom. Secreted inside the can was a clear plastic bag containing a tan rock-like substance which the DEA found contained 1.1 grams of cocaine base, and a clear zip-lock bag of a white powder substance which the DEA found contained 60.5 grams of cocaine hydrochloride.

Post-arrest and post-rights, the defendant gave a statement to police wherein he admitted that both the gun and narcotics found in his car were his. The .38 caliber revolver was test-fired and found operable. The .38 caliber revolver and the ammunition were manufactured outside the District of Columbia.

The defendant was convicted of a crime punishable by imprisonment of more than one year, prior to possession of the firearms and ammunition in this case. Specifically, on August 29, 1988, the defendant was convicted of Distribution of Cocaine in F-12842-87 in D.C. Superior Court.

This factual proffer is a summary of the defendant's actions, and is not intended to be a complete accounting of all facts and events related to that offense or other offenses. The limited purpose of this factual proffer is to demonstrate that a factual basis exists to support the defendant's guilty plea to the offense of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, and Unlawful Possession of a Controlled Substance (Cocaine Base) ~~(Marijuana) which is charged as Count One in the indictment.~~

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

_____
G. Michael Harvey
Assistant United States Attorney
Federal Major Crimes Section
D.C. Bar No. 447465
555 4th Street, N.W. #4243
Washington, DC 20001
Phone: 305-2195
Fax: 514-6010

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Hughie D. Hunt, II, Esquire, this 28th day of March, 2006.

_____
G. Michael Harvey
Assistant United States Attorney

## DEFENDANT DARRIUS BOYKIN'S ACKNOWLEDGMENT

I have read this factual proffer and have discussed it with my attorney, Hughie D. Hunt, II, Esquire. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 4-3-06

Darrius Boykins

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 4-3-06

Hughie D. Hunt, II, Esquire
Attorney for Darrius Boykins