## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 05-CR-390 |
| | : | |
| | : | |
| BOYKINS, DARRIUS, L. | : | |
| a/k/a Darius L. Boykin | : | |
| a/k/a Darrius Lonnell Boykin | : | |

### SENTENCING MEMORANDUM

### I.     Summary of Relevant Facts Regarding Mr. Boykin

Mr. Boykin is currently forty years of age and he lives with his girlfriend and daughter. He has nine children ranging in age from four years old to twenty-three years old.  At the time of his offense, Mr. Boykin had been working for Amtrak in Washington, D.C. for nearly eight years. However, in 2003 Mr. Boykin went on disability as a result of severe back problems.

Active in his community, Mr. Boykin has coached little league sports teams in his neighborhood and enjoys exposing the community children to different sports.  The children in the community look up to Mr. Boykin as a mentor and teacher.

Mr. Boykin's offense was a relapse in a history of acceptable behavior.  During the time prior to his relapse, Mr. Boykin experienced the anguish of caring for an ill parent who passed away, the physical pain of Lumbar Post Lam Syndrome, the stress of medical bills and loss of income, and the distraction of other personal problems.  Mr. Boykin's financial situation improved only slightly when he received a settlement award of $4,778.17 which contributed to the money found in his possession on the day of his arrest.  Mr. Boykin's actions on September 29, 2005 contradict his character and his history.

### II.     Applicable Downward Departures

#### Aberrant Behavior:

Mr. Boykin's only two prior criminal offenses occurred more than eighteen years ago.  On both occasions Mr. Boykin satisfactorily complied with his supervision and successfully completed the necessary requirements to terminate probation.  After his November 4, 1987 and July 21, 1988 offenses, Mr. Boykin entered into and completed the residential portion of the Second Genesis treatment program.  Shortly after entering the outpatient portion of the program, Mr. Boykin graduated from the Second Genesis program.  Graduate status is only awarded to the participants who meet stringent requirements, including being substance-free and employed.

With the exception of traffic infractions, Mr. Boykin has lived a hard-working, law-abiding life. Until his disability prevented him from working, Mr. Boykin had worked a steady job to support his children and pay his bills. After losing his job to disability, witnessing his mother's health worsen, and watching his bills accumulate, Mr. Boykin's self-control was stretched to its limit. The accumulation of stressful situations prior to the offense suggests that Mr. Boykin's behavior was aberrant and entitles him to a departure from the guidelines *U.S. v. Morales* 972 F.2d 1007, 1011 (9th Cir. 1993).

**Totality of Circumstances**:

At nearly forty-one years of age, Mr. Boykin has lived nearly half of his life without committing a criminal offense. His good behavior over the last eighteen years reflects his normal lifestyle. Since Mr. Boykin lived a crime-free life until the date of his relapse, he is entitled to a departure from the guidelines. "Although 'age [by itself] is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range,' U.S.S.G. § 5H1.1, the length of time a person refrains from the commission of crimes, which is invariably tied to a person's age, is a factor that is critical to a court's determination of the sentence it should impose." *US v Ward*, 814 F. Supp. 23, 24 (E.E.Va. 1993). Furthermore, since the guidelines fail to consider this factor, U.S.S.G. § 5K2.0, this court should authorize a downward departure.

Mr. Boykin's consistent and continual eight years of employment prior to his disability further reflect his lifestyle. Although the Sentencing Guidelines ordinarily discourage a defendant's employment record, discouraged factors are to be relied on only "in exceptional cases." *US v Jones*, 158 F3d 492, 498, n.6 (10th Cir 1998). On occasion, employment history has been used as evidence of an "extraordinary acceptance of responsibility" and resulted in a downward departure. *Id.* (citing *United States v. Tsosie*, 14 F.3d 1438, 1441-42 (10th Cir. 1994)). In Mr. Boykin's situation, his consistent employment before his disability is an "exceptional case." Family ties and responsibilities are specific offender characteristics, ordinarily a discouraged basis for departure.

Although U.S. Sentencing Guidelines Manual § 5K2.0 allows for departure based on this factor, it is only appropriate in atypical cases. United States v. Palma, 376 F. Supp. 2d 1203, 1211 (D.N.M. 2005). Mr. Boykin's case is the atypical case. He has excelled in his community as a coach and mentor to children, has supported his family and been continually employed. Mr. Boykin met stringent requirements to graduate from the Second Genesis treatment facility. His graduation from the Second Genesis suggests stability and consistency which are very important attributes for a recovering addict to display. Mr. Boykin's ability to hold a consistent job suggests that he has the self-discipline necessary to sustain a crime-free lifestyle and to support his nine children.

The Defendant respectfully requests that this Court order the minimum amount of incarceration in this case to be served in a halfway house or allow Mr. Boykin to serve his incarceration on weekends to allow him to support his children. I look forward to addressing the

Court on behalf of Mr. Boykin.  If the Court has any questions, please do not hesitate to contact me.

Respectfully submitted,

**KEMET & HUNT, PLLC**

_____
Hughie D. Hunt, II, Esq.
Bar# 15030
4920 Niagara Road, Suite 206
College Park, MD 20740
(301) 982-0888
Counsel for Defendant

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a copy of the foregoing Sentencing Memorandum was sent to G. Michael Harvey, Esq. by Electronic Case Filing this 27th     day of June, 2006.

_____
Hughie D. Hunt, II, Esq.

3

*Koon v. United States*, 518 U.S. 81, 96, (1996).

**OVERVIEW:** The court affirmed in part and reversed in part the finding that petitioner's sentence should be reduced for the victim's provocation and several other factors. The appellate court, upon a de novo review, reversed the reduction, and petitioner sought review. The court held that the appellate court should have used the abuse of discretion review since sentencing was a matter of discretion, and the Sentencing Guidelines permitted the district court judge to enhance or reduce the sentences according to certain standards. The court further found that the factors the district court judges used to enhance or reduce sentences stated in the Sentencing Reform Act, 18 U.S.C.S. § 3551 et seq., were not exhaustive and the district court judge was permitted to use factors not specifically stated. Therefore, the court held that the district court had the discretion to reduce petitioner's sentence and that the judge did not his abuse discretion in reducing petitioner's sentence except when the sentence was reduced for petitioner's career and low likelihood of recidivism. Therefore, the court affirmed in part and reversed in part the decision to reverse the reduction of petitioner's sentence.

Congress allows the district courts to depart from the applicable United States Sentencing Guideline range if the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. 18 U.S.C.S. § 3553(b). To determine whether a circumstance was adequately taken into consideration by the commission, Congress instructed the courts to consider only the Sentencing Guidelines, policy statements, and official commentary of the Sentencing Commission.  P.93

The Commission lists certain factors that never can be bases for departure (race, sex, national origin, creed, religion, socioeconomic status, 1995 USSG § 5H1.10; lack of guidance as a youth, § 5H1.12; drug or alcohol dependence, § 5H1.4;

A sentencing court considering a departure should ask the following questions: 1) what features of

this case, potentially, take it outside the Guidelines' "heartland" and make of it a special, or unusual, case? 2) Has the Commission forbidden departures based on those features? 3) If not, has the Commission encouraged departures based on those features? 4) If not, has the Commission discouraged departures based on those features?   Pg. 95

If the special factor is an encouraged factor, the court is authorized to depart if the applicable Guideline does not already take it into account. If the special factor is a discouraged factor, or an encouraged factor already taken into account by the applicable Guideline, the court should depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. If a factor is unmentioned in the Guidelines, the court must, after considering the structure and theory of both relevant individual guidelines and the Guidelines taken as a whole, decide whether it is sufficient to take the case out of the Guideline's heartland. The court must bear in mind the Commission's expectation that departures based on grounds not mentioned in the Guidelines will be highly infrequent. United States Sentencing Guidelines Manual ch. 1, pt. A, p. 6.   Pg. 96

US v. Morales 972 F 2d 1007. 1011 (9th Cir 1993)
We hold that the district court erred in thinking that "aberrant behavior" is not a permissible [**9] basis for departure. Although we have already held that $^{HN6}$ a departure below Criminal History Category I is inappropriate simply because the defendant is first time offender, *see United States v. Borrayo,* 898 F.2d 91, 94 (9th Cir. 1989), we have also held that "the Guidelines recognize that a first offense may constitute a single act of truly aberrant behavior justifying a downward departure." *United States v. Dickey,* 924 F.2d 836, 838 (9th Cir.), 112 S. Ct. 383, 116 L. Ed. 2d 334 (1991) (citing *Guidelines Manual,* Ch. 1, Part A, Introduction, para. 4(d) ("The Commission has not dealt with the single acts of aberrant behavior that still may justify probation at higher offense levels through departures")); *see also United States v. Russell,* 870 F.2d 18, 20 (1st Cir. 1989). In *Dickey* we reasoned, "It is clear under the Guidelines that 'aberrant behavior' and 'first offense' are not synonymous." *Id.* Read together, *Dickey* and *Borrayo* stand for the proposition that a district court may depart below Criminal History Category I in instances where the court concludes that the offense of conviction is a single aberrant act [**10] of criminal behavior. *See United States v. Takai,* 941 F.2d 738, 742 (9th Cir. 1991). Thus, the departure might not be available to a first time offender who has been convicted of several unrelated offenses or who has been found to have been a regular participant in an on-going criminal enterprise. *See, e.g., United States v. Carey,* 895 F.2d 318, 325 (7th Cir. 1990). However, the departure is available to a first time offender who has been convicted of one aberrant criminal act. *See Takai,* 941 F.2d at 743; *Russell,* 870 F.2d at 20-21.  Pg. 1431, 10

US v Ward, 814 F. Supp. 23 (E.E.Va. 1993).
The court, however, did not impose a life sentence. Instead, the court departed downward under the guidelines based upon the combination of defendant's criminal history and his age. Defendant was 49 years old with a Criminal History Category of I. His Presentence Report indicated no juvenile or adult criminal convictions for purposes of his guideline sentence calculations and showed only four minor traffic infractions. Otherwise, his background was devoid of criminal conduct. [**3]

Although "age [by itself] is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range," U.S.S.G. § 5H1.1, the length of time a person refrains from the commission of crimes, which is invariably tied to a person's age, is a factor that is critical to a court's determination of the sentence it should impose. Because of the guidelines' failure to consider this factor, U.S.S.G. § 5K2.0 authorized the downward departure in **[**4]** this case. n2

*US v Jones*, 158 F3d 492 (10ᵗʰ Cir 1998).

Employment history ordinarily is a discouraged basis for departure. n6 *See* U.S.S.G. § 5H1.5, p.s. However, neither the Sentencing Guidelines nor Tenth Circuit precedent categorically precludes the district court's consideration of employment history in making its departure decision. As the Supreme Court has made clear, the Sentencing Commission "chose to prohibit consideration of only a few factors, and not otherwise to limit, as a categorical matter, the considerations which might bear upon the decision to depart." n7 *See Koon*, 518 U.S. at 94; *see also* U.S.S.G. Ch. 1, Pt. A, intro. comment. 4(b) (indicating Commission "does not intend to limit the kinds of factors, whether or not mentioned anywhere else in the guidelines, that could constitute grounds for departure in an unusual case"). While this court rejected reliance on employment history, along with five other considerations, as evidence of an "extraordinary acceptance of responsibility" in *Zeigler*, 39 F.3d at 1062, elsewhere we have affirmed downward departures based in part on this factor. *See United States v. Tsosie, 14 F.3d 1438, 1441-42 (10th Cir. 1994)* **[**15]** (using defendant's long-term employment as one factor demonstrating offense conduct was aberrational). Pg. 498

A defendant's employment record is categorized in the Sentencing Guidelines with other specific offender characteristics, ordinarily discouraged bases for departure. *See* U.S.S.G. Ch. 5, Pt. H, intro. comment. While discouraged factors are not "necessarily inappropriate" bases for departure, they are to be relied on only "in exceptional cases." *Id.* Pg. 498, note 6

After reviewing the record, we conclude the district court did not abuse its discretion in determining the collateral employment consequences Mr. Jones would suffer as a result of incarceration were atypical. While it is not unusual for any individual to suffer employment consequences as a result of incarceration, the economically depressed area in which **[**18]** Mr. Smith      lived      would      attach      unique      burdens      to      his      incarceration.

The second ground for departure cited by the district court was the economic hardship Mr. Jones' incarceration would inflict on his three children and estranged wife due to his decreased ability to pay child support. n8 ᴴᴺ⁸☛Under U.S.S.G. § 5H1.6, p.s., "family ties and responsibilities ... are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." Family ties and responsibilities are specific offender characteristics, ordinarily a discouraged basis for departure. *See* U.S.S.G. Ch. 5, Pt. H, intro. comment. However, § 5K2.0 makes it clear such factors can be the basis of a departure in atypical cases:

n8 At the time of sentencing, Mr. Jones' children were aged seventeen, twelve and nine; he was paying approximately $ 690 per month in child support. Pg. 499

6

Under our case law, the aberrant nature of a criminal defendant's offense conduct may properly be considered as a mitigating factor in a downward departure decision. *See Tsosie*, 14 F.3d at 1441 (holding aberrational conduct combined with steady employment and economic support of family warranted departure); *United States v. Pena*, 930 F.2d 1486, 1495 (10th Cir. 1991) (holding extraordinary family responsibilities combined with aberrational nature of conduct warranted departure). Pg. 500

*United States v. Pena*, 930 F.2d 1486, 1495 (10th Cir. 1991)

We conclude that the circumstances cited by the district court justify a departure from the guidelines. [HN9]🌲A sentencing court, of course, may depart downward from the guidelines only if it finds that there exist mitigating circumstances of a kind, *or to a degree*, not adequately taken into consideration [*1495] by the sentencing commission in formulating the guidelines. 18 U.S.C. § 3553(b) (1988); U.S.S.G. § 5K2.0 p.s. (1988). In commenting on the availability of probation under the guidelines, the commission describes the offense levels for which probation is expressly permitted and then explicitly states that it "has not dealt with [**22] the single acts of aberrant behavior that still may justify probation at higher offense levels through departures." U.S.S.G. ch. I, pt. A § 4(d) p.s., at p. 1.9 (1988). Implicit in the district judge's findings is the conclusion that Pena's behavior here was an aberration from her usual conduct, which reflected long-term employment, economic support for her family, no abuse of controlled substances, and no prior involvement in the distribution of such substances. The aberrational character of her conduct, combined with her responsibility to support two infants, justified a departure. *See United States v. Dickey*, 924 F.2d 836 (9th Cir. 1991); *United States v. Russell*, 870 F.2d 18, 20 (1st Cir. 1989).