## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 05- cr-390 (JR)** |
| | : | |
| **v** | : | |
| | : | |
| **DARRIUS BOYKINS** | : | |

### GOVERNMENT'S OPPOSITION TO MOTION
### TO TERMINATE RELEASE CONDITIONS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following opposition to the defendant's Motion to Terminate Release Conditions, and states further as follows:

In his motion, the defendant seeks the termination of the few release conditions that he presently must meet pending his reporting to the Bureau of Prisons to serve an 18-month prison term. The motion should be denied. The defendant makes his request because he desires to "visit his grandmother" and "handle other personal affairs before beginning his sentence." As this Court is aware, however, the defendant has visited his ailing grandmother on multiple occasions during the pendency of this case with the permission of the U.S. Attorney's Office. Indeed, this Office has never denied a request from the defendant that he be permitted to visit his grandmother.

As for defendant's stated desire that he be permitted to "visit freely with other family" and "handle other personal affairs before beginning his sentence," nowhere in his motion does he explain how his limited release conditions are inhibiting him from accomplishing those goals. Notably, the defendant is not restricted from visiting anyone. Rather, the High Intensity Supervision Program requires him to drug test and report in person once a week and to comply with a curfew from 12:00 a.m. to 6:00 a.m. The defendant is not presently employed. There is

no reason why the defendant cannot attend to his affairs and visit his family during the day, prior to his curfew.

Further, the defendant has not demonstrated by his performance under the HISP program thus far that he is deserving of a termination of that program's restrictions.  During the pendency of this case, as this Court is aware, the defendant has incurred multiple electronic monitoring and drug testing infractions.   With that record of non-compliance, releasing the defendant from the little structure that he has in the final weeks before he goes to prison would seem unwise.

Finally, the government has discussed the defendant's motion with Eric Mitchell, the defendant's Pretrial Services Officer.   Mr. Mitchell has asked that the government rely to the Court Pretrial's position that the defendant's release conditions remain unchanged.

WHEREFORE, the government respectfully requests that the defendant's Motion to Terminate Release Conditions be denied.

Respectfully submitted,


KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058


_____
G. Michael Harvey
Assistant United States Attorney
Federal Major Crimes Section
D.C.  Bar No. 447465
555 4th Street, N.W.  #4243
Washington, DC 20001
Phone: 305-2195
Fax: 616-3782

- 2 -

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Hughie D. Hunt, II, Esquire,  this 26th day of September, 2006.

_____
G. Michael Harvey
Assistant United States Attorney